IN RE INVESTIGATION OF TOWNSHIP OF NORTH BERGEN.

Submitted December 15, 1917—Decided January 17, 1918.

Under "An act to provide for the summary investigation of county and municipal expenditures" (*Pamph. L.* 1898, *p.* 155), jurisdiction is conferred upon the justice of the Supreme Court by an affidavit in which the statutory requirements are averred in the language of the statute.

On application for *allocatur*.

Before Justices GARRISON, BERGEN and BLACK.

For the application, *J. Emil Walscheid.*

The opinion of the court was delivered by

GARRISON, J.  This is an application for a writ of *certiorari* to review an order made by Mr. Justice Swayze under an "Act to provide for the summary investigation of county and municipal expenditures." *Pamph. L.* 1898, *p.* 155.  In the moving affidavit the affiants aver that "they have cause to believe that the moneys of the township of North Bergen are being, and have been, unlawfully expended," thereby following the language of the statute.  The sole ground for the present application is that this averment of the affidavit was incomplete, in that it did not exhibit facts which clothed the justice with power to make the statutory order.  This contention is based upon a misconception of what was decided by the court of Errors and Appeals in the case of *Park Ridge* v. *Reynolds,* 71 *N. J. L.* 449.  The question there decided was that a justice who had made the statutory order might by proper proceedings subsequently taken "be required to institute an inquiry as to the truth of the affidavits upon which his jurisdiction had been invoked, at least, to the extent of discovering whether he had been imposed upon."  This inferentially negatives the contention of the prosecutor as to the jurisdic-

tional affidavit. Recourse to inference is, however, unnecessary, for the opinion expressly states: "The affidavit upon which the first order for an investigation was made was complete and exhibited facts which clothed the justice with power to make it." Turning now to the opinion of the Supreme Court, in 73 *Id.* 116, we find that the facts stated in the affidavit were identical with those stated in the affidavit in the present case.

This pronouncement by the Court of Errors and Appeals as to the jurisdictional affidavit, so far from being *obiter* was essential to the full scope of its decision, which was that an affidavit that confers the statutory jurisdiction may after the exercise of the jurisdiction thus conferred be attacked by proper procedure. Each element of this proposition being necessary to the decision thus reached, the court decided that an affidavit in the terms of the statute conferred the statutory power. This being so, no further litigation of this question should be permitted.

The application for *allocatur* is denied.